**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROBERT A. GORTH,**

        Plaintiff,

**v.**                                              **CIVIL ACTION NO.: 3:15-CV-38
(GROH)**

**COMPUTER SCIENCES CORPORATION,**

        Defendant.

### *ROSEBORO* NOTICE

On April 9, 2015, the Defendant filed a Motion to Dismiss [ECF 7] the *pro se* plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court notes that the plaintiff is proceeding *pro se*. The Court has a duty to advise the plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). However, the complaint must state a "'plausible claim for relief.'" Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In determining whether a claim for relief is plausible, a court must examine the factual allegations presented to determine if "they are sufficient 'to raise a right to relief

above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555).

Accordingly, the Court **ORDERS** that, within **thirty (30) days** of entry of this Order, the plaintiff shall file any opposition explaining why his case should not be dismissed. The plaintiff is further advised that he must serve the defendants with any response he files.

The Court directs the Clerk to transmit copies of this order to all counsel of record and *pro se* parties.

**DATED:** April 13, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE